UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLI HOOD,

    Plaintiff,

v.                    Case No. 8:18-cv-767-T-33JSS

WAL-MART STORES EAST, L.P.,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court sua sponte. Plaintiff Kelli Hood originally initiated this slip-and-fall action in state court on September 26, 2017. Thereafter, on October 20, 2017, Defendant Wal-Mart Stores East, L.P., served Hood with a request for admissions, asking Hood to admit, among other things, that "the Plaintiff is alleging damages in excess of $75,000.00." (Doc. # 1-2 at 15). On March 13, 2018, Hood admitted alleging damages in excess of $75,000. (Id. at 19). Relying on Hood's admission, Wal-Mart removed the case to this Court on the basis of diversity jurisdiction on March 30, 2018. (Doc. # 1).

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court

not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Amended Complaint does not state a specified claim to damages. (Doc. # 2 at ¶ 1)("This is an action for damages in excess of the sum of Fifteen Thousand ($15,000) Dollars."). Instead, Wal-Mart relies solely upon Hood's admission that she is alleging damages in excess of $75,000. "However, a plaintiff's mere concession that the amount-in-controversy

exceeds $75,000 is insufficient because '[j]urisdictional objections cannot be forfeited or waived.'" Eckert v. Sears, Roebuck and Co., No. 8:13-cv-2599-T-23EAJ, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013)(citation omitted)(remanding removed action where defendant solely relied on plaintiff's admission to amount in controversy); see also MacDonald v. Circle K Stores, Inc., No. 6:08-cv-1825-Orl-22DAB, 2009 WL 113377 (M.D. Fla. Jan. 16, 2009)(remanding slip-and-fall case where removal was based on plaintiff's responses to requests for admissions and interrogatory answers regarding the amount in controversy).

Here, Wal-Mart does not provide additional information to support that the amount in controversy exceeds $75,000. While the state court record includes an interrogatory asking Hood to "provide an itemized breakdown of the damages that the Plaintiff is seeking," Hood's response merely directs Wal-Mart to Hood's answer to another interrogatory — an answer that is not included in the record before this Court. (Doc. # 1-2 at 16, 19). Therefore, the Court is left only with Hood's bald admission regarding the amount in controversy, which "does nothing more than state a legal conclusion and enjoys no factual support in the Notice of Removal or the Amended Complaint." Bienvenue v. Wal-Mart Stores, E., LP, No.

8:13-cv-1331-T-33TGW, 2013 WL 5912096, at *2 (M.D. Fla. June 19, 2013); see also Parrish v. Sears, Roebuck & Co., No. 8:10-cv-1684-T-23MAP, 2010 WL 3042230, at *1 (M.D. Fla. July 30, 2010)("[T]he admission, which is a mere conclusion, (1) provides no factual basis to support the jurisdictional amount (that is, provides no basis for the damages claimed) and (2) fails to relieve the removing party of the obligation to establish facts supporting the existence of federal jurisdiction."). Because Wal-Mart has failed to carry its burden of establishing the jurisdictional amount-in-controversy threshold, this action is remanded for lack of subject-matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is **REMANDED** to state court for lack of subject-matter jurisdiction. Once remand is effected, the Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of April, 2018.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE